## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REAL TIME SOCIAL INVENTIONS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 12-190-RGA |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| YAMMER, INC., | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT YAMMER INC.'S OPENING BRIEF IN SUPPORT OF ITS
## MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

OF COUNSEL:

Neel Chatterjee
ORRICK, HERRINGTON &
   SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Tel: (650) 614-7356
nchatterjee@orrick.com

Daniel M. Friedland
Benjamin J. Hofileña
Anthony J. Tartaglio
ORRICK, HERRINGTON &
   SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel: (213) 629-2020
dfriedland@orrick.com
bhofilena@orrick.com
ttartaglio@orrick.com

Dated: April 9, 2012
1054751 / 38883

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Yammer, Inc.*

## TABLE OF CONTENTS

I.      THE NATURE AND STAGE OF THE PROCEEDINGS ...................................................1

II.     SUMMARY OF ARGUMENT...........................................................................................1

III.    CONCISE STATEMENT OF FACTS.................................................................................2

        A.      RTSI's Complaint...................................................................................................2

        B.      Yammer's products and services ...........................................................................3

IV.     ARGUMENT.......................................................................................................................3

        A.      Legal standard for rule 12(b)(6) motion to dismiss ..............................................3

        B.      The Complaint does not plead sufficient facts to state a plausible claim for
                relief......................................................................................................................4

                1.      The Complaint does not identify any Yammer product or service..............4

                2.      The Complaint does not plead facts which state a claim to relief for
                        indirect infringement of the '881 Patent.....................................................6

                3.      The Complaint does not plead facts which state a claim to relief for
                        direct infringement of the '881 Patent .......................................................8

                        a.      The Complaint does not plead facts which state a claim to
                                relief for direct infringement with respect to method claims
                                1-21 .................................................................................................8

                                (1)     Legal requirements for direct infringement of a
                                        method claim ........................................................................8

                                (2)     Independent method claims 1 and 17 each require
                                        more than one actor to carry out their claimed steps...........9

                                (3)     The Complaint does not plead facts which state a
                                        claim to relief for joint infringement with respect to
                                        claims 1-21 .........................................................................10

                                (4)     RTSI's deficient Complaint cannot be remedied by
                                        amendment..........................................................................12

                        b.      The Complaint does not plead facts which state a claim to
                                relief for direct infringement with respect to claims 22-25 ...........14

V.      CONCLUSION ..................................................................................................................16

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ashcroft v. Iqbal,*
  129 S. Ct. 1937 (2009)................................................................................................1, 3, 4, 5

*ASUSTeK Computer Inc. v. AFTG-TG LLC,*
  No. 5:cv11-00192-EJD, 2011 WL 6845791 (N.D. Cal. 2011)...................................................5

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007) .........................................................................................................1, 4, 5

*Bender v. LG Electronics U.S.A., Inc.,*
  No. C 09-02114 JF(PVT), 2010 WL 889541 (N.D. Cal. 2010) .................................................4

*BMC Resources v. Paymentech, L.P.,*
  498 F.3d 1373 (Fed. Cir. 2008) ...........................................................................8, 9, 13, 14

*Centillion Data Sys., LLC v. Qwest Comms. Int'l., Inc.,*
  631 F.3d 1279 (Fed. Cir. 2011) .......................................................................................15, 16

*Civix-DDI, LLC v. Hotels.com GP LLC,*
  809 F. Supp. 2d 882 (N.D. Ill. 2011).........................................................................9, 15, 16

*Desenberg v. Google, Inc.,*
  392 F. App'x. 868...............................................................................................7, 11, 13

*Dynacore Holdings Corp. v. U.S. Philips Corp.,*
  363 F.3d 1263 (Fed. Cir. 2004) ..........................................................................................6

*Eidos Commc'ns, LLC v. Skype Tech. SA,*
  686 F. Supp. 2d 465 (D. Del. 2010) ..............................................................................4-5, 6

*Eon Corp. IP Holdings LLC v. Flo TV Inc.,*
  802 F. Supp. 2d 527 (D. Del. 2011) ...............................................................................11, 12

*Global Patent Holdings, LLC v. Panthers BRHC LLC,*
  586 F. Supp. 2d 1331 (S.D. Fl. 2008)........................................................................*passim*

*Global-Tech Appliances, Inc. v. SEB S.A.,*
  563 U.S. __, 131 S. Ct. 2060 (2011) .....................................................................................7

*Interval Licensing LLC v. AOL, Inc.,*
  No. C10-1385-MJP, 2010 WL 5058620 (W.D. Wash. 2010)...................................................5

*Joao Bock Transaction Sys of Texas, LLC v. AT&T, Inc.,*
  No. 6:09cv208, 2010 WL 5343173 (E.D. Tex. Mar. 29, 2010) ...............................................5

*Keithley v. Homestore.com, Inc.*,
   636 F. Supp. 2d 978 (N.D. Cal. 2008)...................................................................................13

*Mallinckrodt, Inc. v. EZ-Em Inc.*,
   670 F. Supp. 2d 349 (D. Del. 2009) .................................................................................6, 7

*McKesson Info. Solutions LLC v. Epic Sys. Corp.*,
   Civil Case No. 1:06-cv-2965-JTC, 2009 WL 2915778 (N.D. Ga. Sept. 8, 2009)...................13

*Medsquire LLC v. Spring Medical Systems Inc.*,
   No. 2:11-cv-04504-JHN-PLA, 2011 WL 4101093 (C.D. Cal. 2011) .....................................4-5

*Muniauction, Inc. v. Thomson Corp.*,
   532 F.3d 1318 (Fed. Cir. 2008) .....................................................................................9, 14

*Smartmetric Inc. v. Mastercard Inc.*,
   Case No. 2:10-cv-01864-JHN-FMO, 2010 U.S. Dist. LEXIS 141976 (C.D. Cal. July
   8, 2010)...................................................................................................................................4

*The Friday Group v. Ticketmaster*,
   No. 4:08cv01203 JHC, 2008 WL 5233078 (E.D. Mo. Dec. 12, 2008) .............................11, 12

*Wistron Corp. v. Phillip M. Adams & Associates, LLC*,
   No. C-10-4458 EMC, 2011 WL 4079231 (N.D. Cal. 2011) .....................................................4

*Xpoint Techs., Inc. v. Microsoft Corp.*,
   730 F. Supp. 2d 349 (D. Del. 2010) ........................................................................................7

**STATUTES**

35 U.S.C. § 271 ..........................................................................................................................2

35 U.S.C. § 271(b)...................................................................................................................6, 7

35 U.S.C. § 271(c)...................................................................................................................6, 7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8(a) ....................................................................................................................1, 4

Fed. R. Civ. P. 8(a)(2) ...................................................................................................................4

Fed. R. Civ. P. 12(b)(6) .............................................................................................................1, 3

## I.   THE NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Real Time Social Inventions, LLC ("RTSI") filed its complaint (D.I. 1)

("Complaint") against Yammer, Inc. ("Yammer") on February 14, 2012.  In its Complaint, RTSI

alleges that Yammer infringes U.S. Patent No. 7,853,881 ("the '881 patent"), entitled "Multi-

user on-line real-time virtual social networks based upon communities of interest for

entertainment, information, or e-commerce purposes."  In response, Yammer now respectfully

moves this Court to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)

for failure to state a claim upon which relief can be granted.[1]

## II.   SUMMARY OF ARGUMENT

1.      This Court should dismiss the Complaint pursuant to Federal Rule of Civil

Procedure 12(b)(6) because it fails to satisfy the standards for pleading a cause of action under

Federal Rule of Civil Procedure 8(a), as articulated by the Supreme Court in *Bell Atlantic Corp.

v. Twombly*, 550 U.S. 544 (2007) ("Twombly") and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009)

("Iqbal").  A complaint must plead facts which, if true, would state a claim to relief which is

plausible on its face.  RTSI's Complaint pleads no such facts.

2.      There are at least three justifications for the dismissal of the Complaint based

upon a failure to adequately plead facts.  First, the Complaint does not identify which Yammer

products or services allegedly infringe the '881 patent.  The law requires that RTSI identify

which of Yammer's products or services allegedly infringe the '881 Patent in order to state a

claim to relief.  RTSI has not done so.

---

[1] RTSI has filed suit against several other entities in which it has alleged infringement of the
same patent.  This motion is substantially similar to the motions filed by the other entities.  This
motion, however, contains facts and analysis unique to Yammer and is not identical to the other
pending motions.

3.      Second, the Complaint alleges indirect infringement, but does not plead any facts which could establish such a claim.  To state a claim for indirect infringement, a plaintiff must plead facts which could show that: (1) there is an underlying direct infringement, and (2) the defendant had knowledge of the patent that was infringed.  Plaintiff has not pled any facts which could establish that Yammer knew about the '881 Patent before RTSI filed its Complaint. Additionally, as this brief will show, Plaintiff has not pled facts which could establish the underlying direct infringement.

4.      Third, RTSI has not pled facts which state a claim of direct infringement.  In fact, RTSI is unable to do so because, for reasons explained more fully later in this brief, Yammer *cannot* directly infringe the '881 patent.  RTSI has not and cannot show that Yammer has performed *all* the steps needed to practice the method claims of the '881 patent.  In short, the method claims require the independent actions of more than one actor and therefore Yammer alone cannot infringe the method claims of the '881 patent.  Therefore, RTSI has not pled facts showing that Yammer has directly infringed the '881 patent.

5.      For at least these three reasons, this Court should grant Yammer's motion to dismiss the Complaint for failure to plead facts which plausibly state a claim to relief.

## III.    CONCISE STATEMENT OF FACTS

### A.    RTSI's Complaint

On February 14, 2012, RTSI filed its Complaint alleging that Yammer infringes the '881 patent.  The entirety of RTSI's infringement allegation against Yammer is set forth in a single paragraph of the Complaint:

> 10.  Defendant has infringed, and continues to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '881 patent under 35 U.S.C. § 271 by making, using, offering to sell, and/or selling the patented invention within the United States.  Specifically, Defendant has infringed and continues to infringe

the '881 patent by making, using, offering to sell and/or selling its Yammer social networking product and service.

Complaint at ¶ 10.

The Complaint's Prayer for Relief alleges that Yammer has infringed the '881 patent "directly and/or indirectly." *Id.* at Prayer for Relief.

### B.   Yammer's products and services

Yammer's online service is a business collaboration tool.  Yammer's online services are provided using a "cloud-based" model that requires no specialized hardware or software installation by its customers because they are accessed and utilized through the Internet using a web browser or Yammer's mobile application.[2]  It allows co-workers within a company to communicate with each other in various ways.[3]  Each of these end users accesses and uses Yammer through an Internet browser on her personal computer or mobile device.[4]

## IV.   ARGUMENT

### A.   Legal standard for rule 12(b)(6) motion to dismiss

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, if accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570).  To satisfy this factual plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

---

[2] *See generally* https://www.yammer.com/product/index; https://www.yammer.com/product/mobile_access.
[3] *See* https://www.yammer.com/product/team_workspaces.
[4] *See generally* https://www.yammer.com/product/index; https://www.yammer.com/product/mobile_access.

statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950 (citing *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has failed to show that the pleader is entitled to relief and it should therefore be dismissed. *Id.*

**B.     The Complaint does not plead sufficient facts to state a plausible claim for relief.**

RTSI's Complaint does not comply with Rule 8(a) of the Federal Rules of Civil Procedure, as interpreted by *Twombly* and *Iqbal,* because it fails to plead facts which, if accepted as true, state a claim to relief that is plausible on its face.

**1.     The Complaint does not identify any Yammer product or service.**

Plaintiff's Complaint fails to plead facts which state a proper claim for direct infringement against Yammer. Rule 8(a)(2) requires Plaintiff to plead facts that would allow the Court to "draw the reasonable inference that" Yammer has infringed the patent-in-suit. *Iqbal,* 129 S. Ct. at 1949. "[M]ost courts have, in the wake of *Twombly* and *Iqbal,* required some level of specificity regarding the accused product, i.e., beyond the generic descriptions," and "many courts have even required an exact identification." *Wistron Corp. v. Phillip M. Adams & Associates, LLC*, No. C-10-4458 EMC, 2011 WL 4079231, at *4 (N.D. Cal. 2011) (citing cases).[5] *See also Eidos Commc'ns, LLC v. Skype Tech. SA*, 686 F. Supp. 2d 465, 467-69 (D. Del.

---

[5] *See also, e.g., Bender v. LG Electronics U.S.A., Inc.*, No. C 09-02114 JF(PVT), 2010 WL 889541, at *4 (N.D. Cal. 2010) ("Several recent district court cases have held that the factual allegations in a patent infringement complaint must identify the specific products accused.") (citing cases); *Smartmetric Inc. v. Mastercard Inc.*, 2010 U.S. Dist. LEXIS 141976 at *9 (C.D. Cal. July 8, 2010) (allegations accusing "contactless card systems, e.g., systems like [Visa]'s Paywave and [MasterCard]'s PayPass," "fail to identify adequately which of Defendants' products or components of Defendants' products alleged to do what the [asserted] patent does"); *Medsquire LLC v. Spring Medical Systems Inc.*, No. 2:11-cv-04504-JHN-PLA, 2011 WL

2010) (dismissing complaint for insufficient identification of accused products); *Interval Licensing LLC v. AOL, Inc.*, No. C10-1385-MJP, 2010 WL 5058620, at *3 (W.D. Wash. 2010) (dismissing patent infringement complaint because "Plaintiff has failed to identify the infringing products or devices with any specificity. The Court and Defendants are left to guess what devices infringe on the four patents."); *Joao Bock Transaction Sys of Texas, LLC v. AT&T, Inc.*, No. 6:09cv208, 2010 WL 5343173, at *1, 3 (E.D. Tex. Mar. 29, 2010) (identifying only "infringing products and services"); *ASUSTeK Computer Inc. v. AFTG-TG LLC*, No. 5:cv11-00192-EJD, 2011 WL 6845791, at *13 (N.D. Cal. 2011) (holding that "without identifying the accused products, there simply is no way to adjudicate an infringement claim. Absent identification of the products accused of infringement, there is no concrete case or controversy or sufficient specificity to satisfy *Twombly* and *Iqbal*.").

The Complaint fails to plead facts which state a proper direct infringement claim against Yammer because it does not identify the accused product(s) and/or service(s) with specificity. The Complaint vaguely accuses Yammer's "product and service." Complaint at ¶ 10. But the Yammer website, accessible at www.yammer.com, is a platform for an enormous range of products, services, and technologies, many of which are operated by third party application developers independent of Yammer. The following are just a few illustrative examples of products, services, and technologies accessible through or related to Yammer's website: user Profiles;[6] Groups;[7] document uploading, editing, and viewing;[8] video uploading and viewing;[9]

---

4101093, at *3 (C.D. Cal. 2011) (allegations accusing a "Care360 system" insufficient to state a claim).

[6] *See* https://www.yammer.com/product/social_networking.

[7] *See* https://www.yammer.com/product/team_workspaces.

[8] *See* https://www.yammer.com/product/content_collaboration.

[9] *See id.*

private messages between users;[10] and over a dozen third party applications which Yammer hosts.[11]

Plaintiff's allegations here are similar to those this Court found to be deficient in *Eidos*. There, the complaint accused "communication system products and/or methodologies" of infringement, but did not name any "specific products or methodologies." *Eidos*, 686 F. Supp. at 466. The Court dismissed the complaint because "Rule 8 requires plaintiffs to provide more information." *Id.* at 469. Just as Skype's allegation of the "communication system products and/or methodologies" was insufficient, so too RTSI's allegation of a "social networking product and service" is insufficient.

>   **2.      The Complaint does not plead facts which state a claim to relief for indirect infringement of the '881 Patent.**

The Complaint also fails to plead the facts necessary to state a claim for indirect infringement under both 35 U.S.C. § 271(b) (active inducement) and 35 U.S.C. § 271(c) (contributory infringement).

As an initial matter, "[c]laims for indirect infringement cannot exist in the absence of direct infringement." *Mallinckrodt, Inc. v. EZ-Em Inc.*, 670 F. Supp. 2d 349, 354 (D. Del. 2009), citing *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004). "In order to prevail on an indirect infringement claim, a plaintiff must first demonstrate direct infringement." *Id.* Thus a proper claim for indirect infringement requires a proper claim for direct infringement. As explained further below, the Complaint does not and cannot state a proper claim for direct infringement, and thus cannot state a proper claim for indirect infringement.

---

[10] *See* https://www.yammer.com/product/social_networking.
[11] *See* https://www.yammer.com/product/integrations;
https://www.yammer.com/partners/developers.

Furthermore, a proper claim for indirect infringement requires, among other things, allegations regarding knowledge of the patent and knowledge that the alleged acts constitute infringement of that patent. *Global-Tech*, 131 S. Ct. at 2068-69; *Mallinckrodt*, 670 F. Supp. 2d at 353-55; *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 356-58 (D. Del. 2010). As the Supreme Court has recently made clear, indirect infringement claims under sections 271(b) and (c) require an act of direct infringement as well as knowledge of the patent and knowledge that the alleged acts constitute infringement of that patent. *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. __, 131 S. Ct. 2060, 2068-69 (2011) (holding that claims for induced and contributory infringement require actual knowledge that the alleged acts constitute infringement or, at least "willful blindness"). Here, the Complaint does not allege that Yammer had any knowledge of the patent-in-suit prior to the filing of the Complaint. Absent such an allegation, the Complaint cannot plead a valid claim for indirect infringement. *Mallinckrodt*, 670 F. Supp. 2d at 353-55; *Xpoint*, 730 F. Supp. 2d at 356-58.

Furthermore, RTSI should not be permitted leave to amend its complaint to add indirect infringement because it cannot do so in good faith. Indirect infringement, whether by inducement or contributory infringement, requires a showing of direct infringement by some other party. *Global Patent*, 586 F. Supp. 2d at 1335. Not only has RTSI failed to plead infringement by any party other than Yammer in its Complaint, it will be unable to do so, as the following section will explain. Under such circumstances it would be "futile" to amend a complaint. *Id.* at 1335-1336; *see also Desenberg v. Google, Inc.*, 392 F. App'x. 868, 2010 WL 3452493, at *2 (finding that where a plaintiff cannot realistically allege an underlying direct infringement, "there can be no [indirect] infringement in the absence of a direct infringement").

**3.      The Complaint does not plead facts which state a claim to relief for direct infringement of the '881 Patent.**

Plaintiff has not pled facts which, if true, would state a claim for direct infringement. This brief will separately discuss claims 1-21 of the '881 Patent and claims 22-24 of the '881 Patent because the forms of the claims are slightly different.

**a.      The Complaint does not plead facts which state a claim to relief for direct infringement with respect to method claims 1-21.**

Claims 1-21 of the '881 patent contain two independent claims—claim 1 and claim 17—and a number of dependent claims which depend from either claim 1 or claim 17 and therefore contain all the limitations of the independent claim to which they are linked.[12]  Claims 1 and 17 are each method claims requiring more than one actor to carry out the claimed steps.  Because such claims can only be infringed under a "joint infringement" theory which RTSI has not, and cannot, allege, its infringement claim should be dismissed with prejudice with respect to these claims.

**(1)      Legal requirements for direct infringement of a method claim**

Direct infringement generally requires a showing that a defendant has practiced each and every claim element of the claimed invention. *BMC Resources v. Paymentech, L.P.*, 498 F.3d 1373, 1380 (Fed. Cir. 2008).[13]  In the case of a method claim, the defendant must perform every step of the claimed method. *Id.* at 1378.  If one or more steps are carried out by a third party, the defendant may still be liable under a theory of joint or divided infringement, but only where the

---

[12] Because Yammer is not yet aware which claims of the '881 patent RTSI alleges it infringes, its motion to dismiss is directed to every claim.  While claims 1-21 are clearly method claims, the structure and subject matter of claims 22-25 differ somewhat and those claims are therefore addressed separately below.

[13] It should be noted that the issue of the scope and application of joint infringement to method claims is currently under *en banc* review by the U.S. Court of Appeals for the Federal Circuit in *Akami Techs., Inc. v. Limelight Networks, Inc.*, No. 2009-1372.

defendant "directed or controlled" the actions of the third party. *Id.* at 1380. Without such direction or control over the third party carrying out the method step, there can be no infringement by the defendant because it did not perform or cause to be performed each and every element of the claim. *Id.* at 1382; *see also Civix-DDI, LLC v. Hotels.com GP LLC*, 809 F. Supp. 2d 882, 887-888 (N.D. Ill. 2011).

To exercise the control or direction required for joint infringement, a defendant must act as the "mastermind" over the entire process such that every step is attributable to it. *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1329 (Fed. Cir. 2008). An arms-length transaction whereby a service provider controls access to its system through an Internet browser and instructs end users on its use is not sufficient to incur liability for direct, joint infringement. *See id.* at 1330. The control or direction standard is satisfied in situations where the law would traditionally hold the accused infringer vicariously liable for acts committed buy another, i.e., where the third party performs steps on behalf of the defendant. *Id.* One court has held that unless the third party performs the method steps by virtue of a contractual obligation or other relationship that gives rise to such vicarious liability, the defendant cannot be found to directly infringe. *Global Patent*, 586 F. Supp. 2d at 1335.

> **(2)     Independent method claims 1 and 17 each require more
> than one actor to carry out their claimed steps.**

Claim 1 of the '881 patent is directed to a "method of interacting in real-time with online users accessible through a computer network." '881 Patent at Col. 22, Rows 24-25. The claimed method has three steps: (1) "accessing by a first user a first real-time social network ...," (2) "displaying in real-time to the first user identities of other users ...," and (3) "enabling ... real-time interaction by the first user with ... other online users." *Id.* at 22:26-43. These steps must be carried out by more than one actor, namely, the user who "accesses" the network and some

other individual(s) that "display[s]" to the user the identities of the other users and "enabl[es]" interaction between the users.

Likewise, claim 17 is a method claim directed to real-time online interactions with users logged on to social networks. *Id.* at 23:48-52. Like claim 1, claim 17 requires action by more than one individual to carry out the steps of the claimed method. This claim has four steps: (1) "accessing by a first user a real-time social network …," (2) "displaying in real-time to the first user a list of other users …," (3) "selecting by the first user for interaction … other users," and (4) "enabling real-time interaction by said client application between said first user and … other users." *Id.* at 23-24:53-9. Steps (1) and (3) are explicitly carried out "by the first user." In contrast, step (2) is carried out by a different individual that displays something to the first user, and step (4) is carried out by the claimed "client application" that allows interaction between the various users. Under no interpretation of this claim could all four steps be carried out by the same actor.

Claims 1-21 all require more than one actor to carry out their claimed methods. No formal claim construction hearing is required to determine that these methods require more than one individual to carry them out, one of which *must* be the end user accessing the social network. *See Global Patent Holdings, LLC v. Panthers BRHC LLC*, 586 F. Supp. 2d 1331, 1335 (S.D. Fl. 2008) (determining—without formal claim construction—that claims clearly require actions of multiple actors and, on that basis, granting motion to dismiss).

### (3)    The Complaint does not plead facts which state a claim to relief for joint infringement with respect to claims 1-21.

While claims 1-21 plainly require that at least one third party participate in any infringing activity, RTSI has completely failed to include in its Complaint any allegation that Yammer jointly infringes the '881 patent or any facts that would support such an allegation. Joint

infringement is subject to a "heightened pleading requirement," which must include an allegation that the defendant "sufficiently controls or directs other parties in performing the infringing acts" and facts that, if accepted as true, would support that allegation. *Eon Corp. IP Holdings LLC v. Flo TV Inc.*, 802 F. Supp. 2d 527, 535 (D. Del. 2011) (finding a complaint failed to sufficiently state a claim for joint infringement where it failed to include specific facts discussing the relationships between accused infringers and failed to identify any defendant as exercising control or direction over the other accused infringers); *see also The Friday Group v. Ticketmaster*, 2008 WL 5233078, at *3 (E.D. Mo. Dec. 12, 2008) (dismissing complaint where plaintiff failed to "allege that any single defendant performed all of the steps of the method or that any defendant was the 'mastermind' behind the operation . . . [or] was the one that directed or controlled the method."). In *Eon* and *Friday Group*, the complaints failed to state a claim for joint infringement even though the plaintiff had identified each party alleged to infringe jointly. *Eon*, 802 F. Supp. 2d at 534-35; *Friday Group*, 2008 WL 5233078, at *3. Here, RTSI has failed to include even that most basic of facts, instead claiming that Yammer infringes through its own actions even though multiple steps of the claimed methods must be performed by third parties.

In the face of RTSI's failure to plead joint infringement even though that is the only way the claims can possibly be infringed, RTSI's infringement claim must be dismissed. Where the plaintiff fails to allege sufficiently that the defendant and remote users are joint infringers, and additionally fails to allege that defendant carries out all the steps of a patented method, a claim for direct infringement must be dismissed as inadequate. *Global Patent*, 586 F. Supp. 2d at 1355 ("In this case the patented process cannot start until the remote user visits Defendant's website [and] Plaintiff has not alleged that these individuals visit Defendant's website under Defendant's 'direction or control.'"); *see also Desenberg*, 2010 WL 3452493, at *2-3 (affirming dismissal of

infringement claim where plaintiff did not allege that defendant performed all steps of claimed method or that it directed or controlled performance of steps by end users); *Eon*, 802 F. Supp. 2d at 534-535 (granting motion to dismiss with respect to joint infringement); *Friday Group*, 2008 WL 5233078, at *3-4 (granting motion to dismiss direct infringement claim where plaintiff failed to allege performance of all steps by a single defendant or direction or control over joint infringers).

RTSI's Complaint merely repeats the statutory elements of direct infringement, alleging that Yammer directly infringes the '881 patent by making, using, selling, and/or offering to sell the patented invention within the United States. Complaint ¶ 10. RTSI offers no factual pleading that establishes users do anything within the control of RTSI. Because RTSI cannot plead any facts showing that Yammer directly infringed, either by itself or jointly, the Complaint must be dismissed for failure to state a claim.

> ### (4) RTSI's deficient Complaint cannot be remedied by amendment.

Amendment of the Complaint would be futile because Yammer does not exercise direction or control over the users of its products and services. Accordingly, the Complaint should be dismissed with prejudice.

Where a patent claim requires action by an end user and the plaintiff cannot allege that users are obligated to access the defendant's website or act on behalf of the defendant, there can be no joint infringement. *See Global Patent*, 586 F. Supp. 2d at 1335 (finding no possibility of joint infringement where plaintiff failed to allege that remote users were contractually bound to visit defendant's website, that remote users acted as agents of defendant, or any other facts that would render defendant vicariously liable for acts of end users). In *Global Patent*, the claim required a remote user to "input[] said query to remote query and data retrieval means," much

like the requirement of the '881 patent that the end user "access[] ... a first real-time social network." *Id.* at 1333. Recognizing that the claims could not be practiced without joint action involving an end user, the court dismissed the infringement claim with prejudice because plaintiff could not plead the necessary direction or control and amendment of the complaint would therefore be futile. *Id.* at 1335 ("Therefore, the Court cannot conclude that Defendant and the remote users are "joint infringers" under *BMC Resources*.").

Similarly, courts have recognized that the "direction or control" standard for joint infringement cannot be met by the typical relationship between a service provider and its end users. *See McKesson Info. Solutions LLC v. Epic Sys. Corp.*, Civil Case No. 1:06-cv-2965-JTC, 2009 WL 2915778, at * 6 (N.D. Ga. Sept. 8, 2009) (finding that where a claim requires action by software provider, and accused software required end users to initiate communication in order to begin the patented method, direct infringement claim failed because "controlling access to an online method and instructing users on how to use the method is insufficient evidence of direction and control");[14] *Keithley v. Homestore.com, Inc.*, 636 F. Supp. 2d 978, 985 (N.D. Cal. 2008) (finding no infringement, including under joint infringement theory, where defendant allowed users to access its websites but did not cause those users to access any particular information, even taking into account Terms and Conditions governing website use). Nor can such a service provider be liable for direct infringement based on its own actions where the actions of an end user are required. *Desenberg*, 2010 WL 3452493, at *2 (recognizing that Internet software company could not infringe where patent "would require [plaintiff] to allege that [defendant] performs both the 'user' and 'provider' steps in the claim, which [plaintiff] has not alleged, and by the very terms of his patent, cannot realistically allege").

---

[14] An *en banc* decision on *McKesson* from the Federal Circuit is currently pending. *See* 2011 WL 2173401.

Yammer does not direct or control how its users use its products and services. Yammer's Terms of Use explicitly state that the user, and not Yammer, is in control of the user's experience. *See* https://www.yammer.com/about/terms ("You are solely responsible for the activity that occurs on your account, and you must keep your account password secure. . . . You are solely responsible for your User Content that you upload, publish, display, link to or otherwise make available (hereinafter, 'post') on the Service, and you agree that we are only acting as a passive conduit for your online distribution and publication of your User Content. Yammer will not review, share, distribute, or reference any such User Content except as provided herein or in our Privacy Policy or as may be required by law. . . . You are solely responsible for your interactions with other Yammer Users. We reserve the right, but have no obligation, to monitor disputes between you and other Users.").

As *BMC*, *Muniauction*, and subsequent cases show, a company such as Yammer which allows users to access its website to utilize its services cannot be held liable for the actions of those users because it does not direct or control those users. Accordingly, any request by RTSI for leave to amend its Complaint to add the allegations necessary to properly plead joint infringement would be futile. For this reason, the Complaint should be dismissed with prejudice.

        **b.**     **The Complaint does not plead facts which state a claim to relief for direct infringement with respect to claims 22-25.**

Independent claim 22 differs from claims 1 and 17 in that, at least on its face, it is not directed to a method but rather to a system. Namely, it claims "[a] computer network ... including a network user device comprising a processor, and a memory, for storing computer programs." '881 Patent at Col. 24, Rows 25-31. Those hardware elements, however, are used to carry out steps that virtually mirror those claimed in the earlier method claims: (1) "accessing a selected real-time social network by a first user ...," (2) "displaying ... a list of other users who

14

are online ...," and (3) "enabling by the interactor client application real-time interaction between the first user of said user device and other online users ...." *Id.* at 24:32-47. Regardless of whether this claim is viewed as a system claim or a method claim, it clearly requires action by a third party in the same manner as the previously discussed method claims.[15]

If claim 22 is interpreted as a method claim, RTSI has failed to properly plead joint infringement for the same reasons set forth above with respect to claims 1-21. RTSI has pleaded no facts that would support a claim that one or more steps are carried out by anyone other than Yammer and that Yammer exercises direction or control over that third party.

If claim 22 is viewed as a system claim, RTSI has pleaded no facts that would support its allegation that Yammer is the maker, seller, or user of that system. As an initial matter, Yammer cannot be the "maker" or "seller" of the claimed system, as Yammer's website is undeniably a cloud-based product while claim 22 requires end-user hardware such as a "network user device including a processor." RTSI has pleaded no facts supporting an allegation that Yammer "makes" or "sells" the claimed invention if claim 22 is directed to a system. *See Centillion Data Sys., LLC v. Qwest Comms. Int'l., Inc.*, 631 F.3d 1279, 1288 (Fed. Cir. 2011) ("[Defendant] manufactures only part of the claimed system. In order to 'make' the system under § 271(a), [it] would need to combine all of the claim elements—this it does not do."); *see also Civix-DDI*, 809 F. Supp. 2d at 888-93 (N.D. Ill. 2011) (finding defendant did not "make" claimed system requiring both front-end, *i.e.*, personal computer, and back-end components because defendant did not supply the front-end hardware used to access the accused website and back-end system).

---

[15] If this case progresses, Yammer anticipates that whether claim 22 and its dependent claims are system claims, method claims, or possibly an indefinite and, thus, invalid mixture of the two, will be a key claim construction dispute. That dispute need not be considered at this time, as no claim construction is necessary to determine that claim 22 on its face requires action by multiple individuals.

Even if Claim 22 is interpreted as a system claim, RTSI's Complaint is still defective. To "use" a system, the accused infringer must use each and every claim element by controlling the system as a whole and obtaining the benefit from it. *Centillion*, 631 F.3d at 1284. In an on-demand system involving both a personal computer and a back-end processing system, such as Yammer's website, the end user is the one that "uses" the system. *Id.* at 1284-87; *Civix-DDI*, 809 F. Supp. 2d at 892. As with a method claim, the provider of the back-end processing elements can only be liable for "use" of the system vicariously, such as by directing its customers to perform the infringing acts or if its customers act as its agents. *Centillion*, 631 F.3d at 1287. As discussed above, RTSI has not alleged that is the case here, nor can it in good faith. Accordingly, even if claims 22-25 were viewed as system claims, the allegation that Yammer directly infringes them must be dismissed with prejudice.

## V.    CONCLUSION

For all the foregoing reasons, Yammer respectfully requests that the Court dismiss the Complaint without leave to amend.

Respectfully submitted,

OF COUNSEL:

POTTER ANDERSON & CORROON LLP

Neel Chatterjee
ORRICK, HERRINGTON &
    SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Tel:  (650) 614-7356
nchatterjee@orrick.com

By:   */s/ Richard L. Horwitz*
      Richard L. Horwitz (#2246)
      David E. Moore (#3983)
      Hercules Plaza, 6th Floor
      1313 N. Market Street
      Wilmington, DE  19801
      Tel:  (302) 984-6000
      rhorwitz@potteranderson.com
      dmoore@potteranderson.com

Daniel M. Friedland
Benjamin J. Hofileña
Anthony J. Tartaglio
ORRICK, HERRINGTON &
    SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel:  (213) 629-2020
dfriedland@orrick.com
bhofilena@orrick.com
ttartaglio@orrick.com

*Attorneys for Defendant Yammer, Inc.*

Dated:  April 9, 2012
1054751 / 38883

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on April 9, 2012, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on April 9, 2012, the attached document was electronically mailed to the following person(s)

Brian E. Farnan
Farnan LLP
919 N. Market Street, 12th Floor
Wilmington, DE  19801
bfarnan@farnanlaw.com

Adam J. Gutride
Seth A. Safier
Todd Kennedy
Gutride Safier LLP
835 Douglass Street
San Francisco, CA  94114
adam@gutridesafier.com
seth@gutridesafier.com
todd@gutridesafier.com

By:  /s/ Richard L. Horwitz
Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

1052813 / (38883/38916/38896/38897/38900)